### ILSLAY et al. v. SMEDES.[1]

*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

NEGOTIABLE INSTRUMENTS—INDORSEMENT—COLLATERAL SECURITY.

The note sued on was given under an agreement that on the payment of two subsequent notes of the same series certain stock, which was delivered to the payee as collateral for all the notes, should be returned; but it was expressly provided that the note in suit was collectible irrespective of collateral. *Held*, that the agreement did not prevent the transfer of the note to plaintiff in the usual manner, as an independent obligation for the payment of money, regardless of the collateral, and that evidence of the conversion of the stock was therefore immaterial.

Appeal from city court, general term.

Action by William G. Ilslay and others against James M. Smedes on a promissory note assigned to plaintiffs by the payee. The defense was conversion of collateral security, the evidence of which was excluded. Plaintiffs recovered judgment, from which defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*L. H. Andrews*, for appellant. *Robert L. Harrison*, for respondents.

LARREMORE, C. J. The argument of the learned counsel for the appellant is principally directed to the proposition that an indorsee of negotiable paper may not recover more than the sum actually advanced by him on the credit of a note, when there are equities which would serve as defenses between maker and payee. It appears that at least part of the consideration moving from plaintiff for the note here in suit was the payment of an antecedent debt owed by the payee to plaintiff, which plaintiff accordingly canceled. But, conceding the abstract principle of law, which appellant has fortified by the citation of many authorities, two questions remain for determination: *First.* Is there any evidence in the case tending to establish an equity defense, as between the original parties, to this particular note for $500? *Second.* If no such evidence appears in the record, was defendant debarred from offering the same through any incorrect rulings on the part of the court?

The first of these questions must, without hesitation, be answered in the negative. The written agreement under which this note was given attaches no condition to the enforcement thereof, although it does prescribe that upon the payment of two subsequent notes of the same series certain stock, which was delivered to the payee as collateral security for all the notes, should be returned. There is nothing in such agreement to prevent the transfer of this first note for $500 in the usual manner, as an independent obligation for the payment of money, regardless of said stock.

The second inquiry must also be answered in respondent's favor. All the exclusions of evidence complained of, including that of the judgment roll in the action in Mississippi, related to attempted proofs of the alleged conversion of the collateral. Under our construction of the agreement, the transfer of such stock would not have been any defense to the payment of the first note. By the express terms of the agreement this note was collectible irrespective of any return of collateral, and by the time the second note fell due the payee might have repossessed himself of such collateral, and been in a position to perform the contract. All considerations of such alleged conversion were therefore immaterial in an action upon the first note, and the evidence was properly excluded. The judgment should be affirmed, with costs.

[1] Affirming 7 N. Y. Supp. 671.